UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN DE JESUS,<br><br>Petitioner,<br><br>v.<br><br>ORLANDO RODRIGUEZ, et al.,<br><br>Respondents | Civil Action No. 15-4162 (JLL)<br><br>OPINION |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Juan De Jesus, brought pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondents filed a letter response (ECF No. 4), and Petitioner filed a letter reply (ECF No. 6). For the following reasons, this Court will grant the petition and shall therefore order the Immigration Court to conduct a bond hearing.

## I. BACKGROUND

Petitioner, Juan de Jesus, is a citizen of the Dominican Republic who has resided in the United States for approximately twenty five years. (ECF No. 1 at 4-5). Petitioner has been convicted of multiple drug offenses, including several for simple possession of marijuana and one conviction for possession of a narcotic drug which is currently the subject of an out of time direct appeal before the New York Appellate Division. (*Id.* at 5-6). Because of his criminal history, Petitioner was detained by immigration officials on August 1, 2014, and has remained in custody since that time. (*Id.* at 5). Litigation in Petitioner's immigration case has proceeded during his incarceration, resulting in hearings on August 12, October 8, and December 10, 2014, as well as

February 20, April 1, April 29, and June 17, 2015. (Exhibit 3 to ECF No 4). Petitioner's next hearing is currently scheduled for December 11, 2015. (*Id.*). Although most of the adjournments in Petitioner's immigration case arose out of Petitioner's requests, the Government agrees that these adjournments have been "reasonable" under the circumstances. (ECF No. 4 at 2). Petitioner has, as of the date of this opinion, therefore been confined without a bond hearing for more than fourteen months.

## II. DISCUSSION

### A. Legal Standard

Pursuant to 28 U.S.C. § 2241(c), this Court may grant habeas relief to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained in a facility operated by a custodian within the Court's jurisdiction, and asserts that his continued detention is not statutorily authorized and violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner challenges his continued detention during the pendency of his removal proceedings. Specifically, Petitioner argues that he has been detained for more than a reasonable period of time under 8 U.S.C. §1226(c), and that his detention is therefore unlawful pursuant to the Third Circuit's holding in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011). The Court of Appeals in *Diop* held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

While the Third Circuit did not provide a specific length of time beyond which a petitioner's detention would become unreasonable in *Diop*, *see* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Court of Appeals provided some clarification in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Chavez-Alvarez*, the Third Circuit held that, at least where there is no evidence of bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478. Thus, where a petitioner's detention extends beyond the point where his liberty interests outweigh the justifications for continued detention without a bond hearing under § 1226(c), as occurred sometime between six months and one year in *Chavez-*

*Alvarez*, a court reviewing such detention under a habeas challenge should order a bond hearing in the immigration court to determine whether continued detention is required to further the goals of the statute. *Id.*

Although the Government argues that Petitioner's continued detention is constitutional under 8 U.S.C. § 1226(c), the Government recognizes that "this matter is [not] meaningfully distinguishable from that in *Chavez-Alvarez*." (ECF No. 4 at 2). Here, as in *Chavez-Alvarez*, there is no evidence of bad faith on Petitioner's part, and Petitioner's detention has extended for more than a year without a bond hearing to determine whether his continued detention is necessary to further the ends of the statute. Thus, the facts of this matter clearly require that a bond hearing be held. *Id.* This Court will therefore grant this petition for a writ of habeas corpus, and will order the immigration court to conduct a bond hearing in accord with the holding of *Chavez-Alvarez*. *Id.*

## III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is GRANTED, and this Court will order the immigration court to conduct a bond hearing. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge